NELLIE B. McGEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13292, 29938.  Promulgated October 23, 1928.

*Claude I. Parker*, *Esq.*, and *Ralph W. Smith*, *Esq.*, for the petitioner.

*Clark T. Brown*, *Esq.*, for the respondent.

OPINION.

MILLIKEN: Our findings of fact are the result of a stipulation with respect thereto, entered into between counsel for the respective parties. The question of law we are asked to decide relates to a proper interpretation of section 202(a)(3) of the Revenue Act of 1921, or to state the matter in a different way, the question is when was the stock sold by this petitioner acquired within the meaning of the section aforesaid? Respondent urges that she acquired it at the date of the death of the decedent, while counsel for petitioner contends that the acquisition took place at the date of actual distribution to her by the executor of the estate of the decedent.

We have had occasion heretofore to consider the same question here at issue. See *F. W. Matthiessen, Jr.*, 2 B. T. A. 921, and *Alice Fisher Foster*, 7 B. T. A. 1137. Cf. also *Matthiessen* v. *United States*, 65 Ct. Cls. 484 (writ of certiorari denied by the Supreme Court, 278 U. S. 609), and *Brewster* v. *Gage*, 25 Fed. (2d) 915. We would be content to rest our decision in conformity with our prior decisions, as well as those referred to above, were it not that respondent had called our attention to the fact that in California the general rule is modified by statute so that title to personal as well as real property vests in the heir or the beneficiaries under the will, subject to the lien of the executor and administrator for the payments of debts and to his right of possession. In *F. W. Matthiessen, Jr.*, *supra*, we discussed the general common law rule that title to the personal property of a decedent, either testate or intestate, vests in the personal representative of the decedent.

The departure from the general rule in California does not disturb the broad basis upon which we have decided the question here in issue. It can not be doubted that a residuary legatee under the will acquires an interest in the residuary estate on the date of death of the testator and that such interest may be the subject of sale. It is likewise true that such interest is subject to be defeated by the payment of debts of the testator, expenses of administration, and for the purposes of carrying out the provisions of the will generally. Even under the California statute the contingencies incident to the administration of an estate are just as real as where the general rule prevails.

"Acquisition," as that word is used in section 202 (a) (3), means when the legatee receives his legacy in possession vested with the absolute dominion and control over it as distinguished from a contingent interest he may have had at the date of death of the testator. We can not think that Congress intended, by acquisition, to fix the date of death of the testator as such, for the purposes of gain or loss, when the interest received by the legatee or the beneficiary is wrapped in speculation and uncertainty. Especially does this become manifest when the statute makes the executor a taxable entity during the process of the administration of the estate. We can not hold that this petitioner acquired, at the date of death of her husband, the identical stocks and bonds, which, upon final administration of the estate, she received, and ignore the debts and specific bequests to be paid by the executor during the course of the administration with its contingent effect upon the distribution, which she would and did receive.

The broad principles enunciated in *F. W. Matthiessen, Jr.*, *supra*, are applicable to this proceeding and the respondent was in error in

refusing to take as a basis for gain or loss the fair market value of the stocks and bonds on the date of distribution to the petitioner.

Counsel for respondent has called our attention to section 113 (a) (5) of the Revenue Act of 1928. Inasmuch as the provisions of that section are prospective, rather than retroactive, it has no application to the case at bar.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*